
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/30/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREVOR FORREST,

Plaintiff,

-against-

DEPARTMENT OF CORRECTION, G.R.V.C., et al.,

Defendants.

21-CV-10152 (LJL) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Trevor Forrest, proceeding *pro se*, alleges in his Complaint (Dkt. 2) that defendants violated his rights under the Free Exercise Clause by preventing him from attending congregate religious services while incarcerated at Riker's Island. On April 8, 2022, defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 25.) On June 9, 2022, the Court directed plaintiff to respond to the motion by July 8, 2022. (Dkt. 28.) On July 11, 2022, the motion was referred to me for report and recommendation. (Dkt. 34.)

On July 12, 2022, the Court received a signed letter from plaintiff, dated June 20, 2022, which was titled "Amended Complaint" and further alleged that plaintiff was "being denied access to the mosque" to pray. (Dkt. 35.) By Order dated July 14, 2022, the Court noted that it could, in its discretion, consider factual allegations made in a *pro se* plaintiff's opposition papers as supplementing the complaint (at least to the extent they are consistent with the allegations in the complaint), and directed defendants to file their reply papers in support of their motion to dismiss by July 28, 2022. (Dkt. 36.) After obtaining an extension, defendants timely filed their reply papers on August 11, 2022 (Dkt. 40), thus completing the briefing with respect to the motion to dismiss.

On September 7, 2022, the Court received a signed, hand-written letter from plaintiff, dated August 30, 2022, warning that "if you receive a letter from me typed by the prison typewriter, it's not me. Someone is trying to impersonate me. All of my letters are handwritten and none is typed by a typewriter." (Dkt. 42.) Thereafter, on September 13, 2022, the Court received a typewritten proposed Second Amended Complaint (SAC) (Dkt. 43), which bears the caption of this case but is undated and unsigned. The proposed SAC would significantly broaden the scope of this case to include a wide range of allegations never previously made, including claims that plaintiff was denied health care, denied access to the law library, denied fresh air and exercise, sexually harassed, denied access to his court-appointed counsel, and subjected to unsafe conditions of confinement.

Even if the Court had not been warned against typed submissions purporting to be from plaintiff Forrest, it could not accept the proposed SAC as an amended pleading because it is unsigned, *see* Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."), and because the time within which plaintiff was permitted to amend his complaint without first obtaining a stipulation or court order has long run. *See* Fed. R. Civ. P. 15(a)(1), (a)(2).

Because the Court has reason to doubt the authenticity of the proposed SAC, a copy of that document is attached to this Order and will be mailed to the plaintiff by the Clerk of Court. It is hereby ORDERED that plaintiff shall advise the Court by letter, no later than **October 31, 2022**, whether the proposed SAC is authentic and whether he seeks leave to file it as his amended pleading. If he does, he must **date the proposed SAC, sign it in his own hand, and resubmit it, together with a motion requesting permission to do so.** If plaintiff declines to do

so, or fails to respond to this Order, the Court will strike the proposed SAC from the record and turn to the pending motion to dismiss the original Complaint.

Dated: New York, New York
September 30, 2022

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**

RECEIVED SDNY PRO SE OFFICE 2022 SEP 13 AM 10:27

UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TREVOR FORREST

PLAINTIFF(S)

-AGAINST-

CITY OF NEW YORK, WARDEN JEAN H. RENEE, CAPTIN DENIES CARTER, LAW LIBRARY OFFICE LIETCH, LAW LIBRARY OFFICER CO WALKER, WARDEN SHERMA DUNBAR, HEALTH & HOSPITAL DOCTOR NICHOLAS, CO RITTER, CO. MASON

DEFENDNAT(S)

---

SECOND AMENDMENT COMPLAINT
INDEX NUMBER 21-CV-10152 (LTS)

---

PLAINTIFF, BY WAY OF ACTING PRO-SE, STATES AND ALLEGES AS FOLLOWS AND BELIEF:

PRELIMINARY STATEMENT:

PLAINTIFF COMMENCES THIS ACTION PURSUANT TO 42 U.S.C 1983 SEEKING PUNITIVE AND COMPENSATORY DAMAGES AGAINST THE DEFENDANTS NAMED HEREIN, TO BE SUED IN THIER INDIVIDUAL AND OFFICIAL CAPACITIES FOR THE VIOLATIONS OF HIS STATE AND FEDERAL RIGHTS WHILE ACTING UNDER COLOR OF LAW, PLAINTIFF ALSO ASSERTS SUPPLEMENTAL STATE LAW CLAIMS AGAINST THE DEFENDANTS AS WELL, FOR VIOLATIONS OF THIER STATUTORY AND COMMON LAW DUTIES, AS WELL AS CLAIMS, OF ASSAULT, RETALIATION, NEGLIGENCE, NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND VIOLATIONS OF NEW YORK CITY ADMINISTRATION CODE 10-1101 et seq.

AT ALL TIMES HEREIN, PLAINTIFF WAS AND REMAINS A PRETRIAL DETAINEE CONFINED TO THE CUSTODY, CONTROL AND CARE OF THE CITY OF NEW YORK AS ITS DEPARTMENT OF CORRECTIONS VARIOUS JAILS WHO HAS BEEN ASSAULTED AND ABUSE WITHOUT HIS CONSENT. THE CITY OF NEW YORK IS AWARE THAT NEW YORK STATE HAS IDENTIFIED A SIGNIFICANT RISK OF ABUSE AND VICTIMIZATION OF PRISONERS/DETAINEES TO EXIST

IN ITS FACILITIES. THE PLAINTIFF DEMAND THAT THE COURT SEAL EACH AND EVERY FILING UNDER INDEX NUMBER 21-CV-10152(LTS) AND/OR REDACT OR USE THE NAME JOHN DOE AS HIS NAME AS A "PROTECTION ORDER " AGAINST HIM BEING RETALIATED AGAINST BY OTHER CORRECTIONAL OFFICERS AND DETAINEES AND LIKEWISE.

## JURISDICTION AND VENUE:

JURISDICTION OF THE COURT IS INVOKED PURSUANT TO 28 U.S.C. 1331 AND 1343(A)(3) AND(4) AND THE AFORESAID STATUTORY AND CONSTITUTIONAL PROVISIONS. PURSUANT TO 28 U.S.C. 1367, THIS COURT HAS SUPPLEMENTAL JURISDICTIONS OVER CLAIMS, WHICH ARISE UNDER RELEVANT PROVISIONS OF NEW YORK STATE LAW. VENUE IS APPROPRIATE IN THIS COURT PURSUANT TO U.S.C. 1391(B)(2) AS A SUBSTANTIAL PART OF THE EVENTS OR OMISSIONS GIVING RISE TO THIS CLAIM THAT OCCURRED WITHIN BRONX COUNTY NEW YORK, WHICH IS WITHIN THIS COURT'S JURISDICTION.

## PARTIES

AT ALL TIMES MENTIONED HEREIN, THE PLAINTIFF WAS AND REMAINS A RESIDENT OF THE STATE OF NEW YORK. AT ALL TIMES MENTIONED HEREIN, THE PLAINTIFF WAS AND REMAINS A PRETRIAL DETAINEE CONFINED TO THE CUSTODY,CONTROL, AND CARE OF DEFENDANT **CITY OF NEW YORK** AND ITS DEPARTMENT OF CORRECTION. UPON INFORMATION AND BELIEF, AND AT ALL TIMES MENTIONED HEREIN, THE DEFENDANT **CITY OF NEW YORK(HEREINAFTER REFERRED TO AS "CITY")**, WAS AND REMAINS THE BODY OF CORPORATE AND PUBLIC, CONSTITUTING A MUNICIPAL CORPORATION DULY ORGANIZED AND EXISTING UNDER AND VIRTUE OF THE LAWS OF THE STATE OF NEW YORK.

UPON INFORMATION AND BELIEFS, AND ALL TIMES MENTIONED HEREIN, THE **CITY** MAINTAINS THE CITY OF NEW YORK DEPARTMENT OF CORRECTION(HEREINAFTER REFERRED TO AS "DOC"), PURSUANT TO LAW.

UPON INFORMATION AND BELIEFS, AND ALL TIMES MENTIONED HEREIN, DEFENDANT WARDEN RENEE WAS A CORRECTION OFFICIAL EMPLOYED BY THE DEFENDANT **CITY** HOLDING THE POSITION OF WARDEN.

UPON INFORMATION AND BELIEFS, AND AT ALL TIMES MENTIONED HEREIN, DEFENDANT CAPTAIN CARTER WAS A CORRECTION OFFICIAL EMPLOYED BY THE DEFENDANT **CITY.**

UPON INFORMATION AND BELIEFS, AND AT ALL TIMES MENTIONED HEREIN DEFENDANT LAW LIBRARY OFFICER LEECTH WAS A CORRECTION OFFICIAL EMPLOYED BY THE DEFENDANT CITY.

UPON INFORMATION AND BELIEFS, AND AT ALL TIMES MENTIONED HEREIN DEFENDANT LAW LIBRARY OFFICER WALKER WAS A CORRECTION OFFICIAL EMPLOYED BY THE DEFENDANT **CITY.**

UPON INFORMATION AND BELIEFS, AND AT ALL TIMES MENTIONED HEREIN DEFENDANT WARDEN SHERMA DUNBAR, WAS A CORRECTION OFFICIAL EMPLOYED BY DEFENDANT **CITY.**

UPON INFORMATION AND BELIEFS, AND AT ALL TIMES MENTIONED HEREIN DEFENDANT C.O RITTER, WAS A CORRECTION OFFICIAL EMPLOYED BY DEFENDANT **CITY.**

UPON INFORMATION AND BELIEFS, AND AT ALL TIMES MENTIONED HEREIN DEFENDANT HEALTH & HOSPITAL DOCTOR NICHOLAS, WAS A DOCTOR WHO WORKED IN CORRECTION AND WAS EMPLOYED BY DEFENDANT **CITY.**

## STATEMENT OF FACTS

ON NOVEMBER,8,2021, THE PLAINTIFF WAS IN AN INCIDENT THAT NEARLY ARISES TO A USE OF FORCE REQUESTING SICK-CALL SERVICES IN HOUSING UNIT 2/A AT THE G.R.V.C FACILITY WHERE HE WAS/IS HOUSED AT. THIS BECAME AN ISSUES BECAUSE OF THE FFACT THAT G.R.V.C IS PRACTICING AN UNLAWFUL POLICY THAT RESTRICTS COURT-ORDER LOCKDOWN INMATES LIKE THE PLAINTIFF FROM SICK-CALL AND MEDICAL SERVICES AT THE FACILITY CLINIC AREA.

1. THIS IS ALSO A MATTER THAT THE PLAINTIFF HAS GRIEVED ON NUMEROUS OCCASIONS WHICH ENDED AS A RESPONSE OF THE COMPLAINT BEING FORWARD TO DEFENDANT WARDEN **RENEE** FOR INVESTIGATION. AND THE PLAINTIFF NOT RECIEVING ANY NOTIFICATION ON THE OUTCOME OF THE INVESTIGATION.

2. AS A RESULT OF THE PLAINTIFF'S PERSISTENT, THE PLAINTIFF WAS NOT ALLOWED TO GO TO THE FACILITY CLINIC, WARDEN RENEE AND SHERMA DUNBAR STATED TO ME

TO ME MY COURT ORDER CLASSIFICATION RESTRICTS ME FROM GOING, BUT A NURSE WAS DISPATCHED TO THE HOUSING UNIT AFTER 2/A HOUSING UNIT OFFICER DEMAND SUCH. THE PLAINTIFF WAS EXAMINE BUT NOT TREATED FOR THE PAIN, DEFENDANT DOCTOR NICHOLAS TOLD ME HE WILL NOT PRESCRIBE NO MEDICATION FOR THE BACK INJURY I SUFFER BY LAYING ON A YOGA MAT FOR TWO YEARS OF INCACERATION. HIS EXAMINATION OF PLAINTIFF WAS IN EYE-SIGHT AND EAR-SIGHT OF OTHER INMATES ON THE HOUSING UNIT AND CORRECTION OFFICERS IN A PRACTICE THAT IS AGAINST STATE AND FEDERAL MEDICAL STANDARDS AS WELL DOC POLICIES. WARDEN RENEE AND SHERMA DUNBAR TOLD THE DOCTOR TO NOT BRING PLAINTIFF FOR ANY REASON TO THE CLINIC, HE'S A KNOWN TERRIOIST AND WON'T BE ALLOWED NO WHERE BUT 23/HOUR LOCK IN. I STILL SUFFER FROM THIS POLICY, COMMAND LEVEL ORDER 370.20 MY BACK IS IN CONSTANT PAIN.

3. LAW LIBRARY OFFICER WALKER AND LAW LIBRARY OFFICER LEECTH REFUSE TO GRANT ME ACCESS TO THE LAW LIBRARY. WHEN THEY COME TO MY HOUSING UNIT 2/A THEY DON'T COME TO MY CELL TO SEE IF I NEED ANY MATERIAL, LEGAL MATERIAL FROM THE LAW LIBRARY, I SCREAM FROM MY CELL TO THEM AND THEY BOTH CAME TO MY CELL IN NOVEMBER/2021 AND AS RECENT AS JUNE/2022 THAT I'M A ISIS TERROIST AND ISLAM IS NOT WELCOME IN G.R.V.C LAW LIBRARY. I TOLD THEM THAT I NEED TO DO RESEARCH ON MY CRIMINAL CASE AND CIVIL CASE, AND THEY BOTH TOLD ME GO TO HELL THEY HAD FAMILY THAT DIED IN THE TWIN TOWERS. I REPORTED THIS IN A GRIEVANCE, AND THE GRIEVANCE WENT TO THE WARDEN RENEE, AND HE TOLD THE GRIEVANCE COORDINATOR VERBALLY MAKE SURE FORREST IN 12 CELL DON'T GET NOTHING FROM THE LAW LIBRARY LONG AS HE'S A RESIDENT OF G.R.V.C, OUR JOB IS TO MAKE THAT MAN SUFFER.4

4. I PLAINTIFF WAS TOLD BY C.O. RITTER ON JUNE/2022 THAT I WAS FEELING SUICIDAL AND I NEED TO SEE MENTAL HEALTH. C.O. RITTER TOLD ME I CAN'T SEE MENTAL HEALTH DUE TO COMMAND LEVEL ORDER (CLO) 370.20 AND THAT HE'S JUST FOLLOWING ORDERS, WHEN HE LEFT I TIED A ROPE AROBND MY NECK AND ALMOST KILLED MYSELF, WHAT SAVE ME WAS ALLAH. THIS DENIAL OF DIRECT MENTAL HEALTH TREATMENT IS NOT IN

ACCORDANCE WITH DEFENDANT'S CITY POLICY FOR DOC. I ALSO WAS TOLD BY C.O SHERMA DUNBAR THAT I WILL NOT BE ABLE TO CALL 614# TO MAKE A SICK-CALL APPOINTMENT LIKE EVERY OTHER INMATE, I SUFFER THROUGH SO MANY AILMENTS I LOST COUNT AND SHERMA DUNBAR TOLD ME IN 2021 THAT I WON'T BE ALLOWED TO CALL 311# TO MAKE A COMPLAINT. I ASK WHY? SHE THE STATED TO ME YOU WON'T BE ALLOWED TO CALL ANY NUMBERS, I THEN STATED TO WARDEN DUNBAR THAT I'M A SHAIK AND I DEMAND THAT I'LL BE ABLE TO CALL THE (PREA HOTLINE) THATS NUMBER IS PRISON,RAPE,ELIMINATION,ACT. I TOLD WARDEN RENEE THAT LAW LIBRARY OFFICER KEEP SEXUALLY ABUSES ME AND I WILL LIKE TO CALL THE PREA HOTLINE, ON LAW LIBRARY OFFICER LEECTH AND LAW LIBRARY OFFICER WALKER BECAUSE THEY KEEP YELLING AT ME TO SUCK THIER PUSSY, AND TO KISS THEY ASS. SINCE I'M A MUSLIM FOLLOWER SICERELY THE LAW LIBRARY OFFICER MADE ME TIED A SHEET AROUND MY NECK, WHICK I PASSED OUT FOR OVER 24/HOURS WITH NO MEDICAL ATTENTION, THEY ONLY THING THAT SAVE ME FROM DYING WAS ALLAH HIMSELF. I WAS TOLD BY CAPTAIN CARTER THAT I COULD NOT GO TO SEE THE IMAN AND I WILL NOT BE ALLOWED TO GO TO PRAY IN A CONGREGATION WITH MY MUSLIM BROTHERS, SHE SAID WE DON'T CONDONE MUSLIMS HERE ESPECIALLY YOUR KIND, THIS CAUSE ME THE PLAINTIFF TO HANG MYSEL WITH A SHEET WHICH MADE ME BLACK OUT FOR 20HOURS WITH NO MEDICAL TREEATMENT. I FELT SHAME AND DESPAIR AND MY MIND WILL NEVER RECOVER FROM THE NATURE OF THE OFFICIALS THAT WORK IN THIS JAIL G.R.V.C.

5. THEY LOCKED ME IN A CELL FOR 23/HOURS, WARDEN RENEE AND SHERMA DUNBAR TOLD ME I WILL REMAIN IN MY CELL FOR 23/HOURS AND YOU WILL NOT GET TO GO OUTSIDE TO THE YARD TO GET FRESH AIR AND TO EXERCISE. I TOLD WARDEN RENEE I NEED TO EXERCISE CAN YOU PLEASE LET ME OUTSIDE TO EXERCISE. HE TOLD ME NO,BECAUSE THERE IS NO EXERCISE FOR TERROIST LIKE YOU, AND HE KEPT ME IN THAT 23/HOUR CELL FOR WELL OVER 3 YEARS WITH NO EXERCISE. THEN I TOLD SHERMA DUNBAR TO LET ME OUTSIDE TO EXERCISE AND GET XXXX FRESH AIR, SHE TOLD ME XNXX NO I WILL NEVER GO OUTSIDE BECAUSE I MAKE THE COMMAND LEVEL ORDERS AND MY POLICY 370.20 WILL PREVENT YOU FOREVER FROM GOING OUTSIDE.

6. IT IS THE PLAINTIFF POSITION THAT DEFENDANTS **WARDEN RENEE,WARDEN SHERMA DUNBAR,C.O.LEECTH,C.O. WALKER, C.O.RITTER, CAPTAIN CARTER,DOCTOR NICHOLAS**, WAS WELL AWARE OF THIS FACTOR AS PER TRAINING THEY RECIEVED FROM THE DEFENDANT **CITY**, BEFORE THEY WERE HIRED TO WORK FOR DOC, BUT THE SAID TRAINING AND POLICY WAS PURPOSELY DISREGARDED OUT OF RETALIATION AND LACK OF SUPERVISION.

7. **DENIAL OF (1) HOUR RECREATION MANDATORY ONE HOUR RECREATION IN PLAINTIFF 23/1 SUPREME COURT ORDER FIRST CAUSE FOR RELIEF**

=-----------------------------------------

**ON** MAY 18,2021 THE PLAINTIFF WAS NOT AFFORDED HIS (1) HOUR MANDATORY RECREATION PURSUANT TO HIS 23/1 LOCKDOWN COURT-RDER AND PLAINTIFF WAS BEING LOCKED IN HIS CELL 24HOURS THAT CAUSE MENTAL TRAUMA AND LED TO ATTEMPT SUICIDE, THIS TYPE OF ABUSE VIOLATED MY PRIVELAGE TO FREE EXERCISE. MY BACK WILL NEVER BE THE SAME AND I DEVELOP A BREATHING CONDITION WHERE I NEED AND AID TO BREATHE. I TOLD WARDEN RENEE AND WARDEN SHERMA DUNBAR THAT MY HEALTH IS AT RISK BECAUSE I CAN'T EXERCISE. THEY TOLD ME THAT I WILL NEVER GO OUTSIDE IF ITS LEFT UP TO THEM, AND POLICY 370.20 WILL NOT ALLOW ME TO EXERCISE BECAUSE I MUST BE IN ENHANCE RESTRAINS WHICH MEANS I'M IN HANDCUFFS AND SHACKLES AROUND MY ANKLES. I TOLD BOTH WARDENS THAT THOSE TYPE OF RESTRAINTS WILL HINDER ME FROM XXXXXXXXXXXX EXERCISING. SHERMA DUNBAR SAID SHE DON'T CARE THAT SHE CREATED THE POLICY AND WARDEN RENEE SAID I WILL FOLLOW CLO, COMMAND LEVEL ORDER TO A , T. AND YOU WILL NOT EXERCISE LONG AS I'M IN CHARGE IN THIS BUILDING.

8. ON OR ABOUT 8/5.2022 DEFENDANT CO LIECTH THREATEN PLAINTIFF WITH NOT BEING ABLE TO GET HIS (1) HOUR RECREATION, BY STATING I'LL BE GOING ON VACATION THIS MONTH AND I AM GOING TO MAKE SURE YOU WON'T GO OUTSIDE FOR THE REST OF THE MONTH. SHE HAS BEEN SUCESSFUL 50% OF THE TIME.

9. THE PLAINTIFF ATTEST THAT THERE EXIST SCORES OF MORE GRIEVANCES THAT HE FILED IN RELATIONS TO NOT RECIEVING (1) HOUR RECREATION THIS YEAR THAT HAS CAUSED HIM INJURY THAT HE IS CURRENTLY AWAITING COPIES OF THOSE RECIEPTS BACKK FROM GREIVANCE DEPARTMENT THAT IS CONDUCTING A CHANGE IN PERSONEL.

10. ON JUNE 9, 2022 THE PLAINTIFF WAS DENIED HIS (1) HOUR RECREATION PURSUANT TO HIS 23/1 LOCKED-DOWN-ORDER BY C.O RITTER WHO WORKED SECURITY DETAIL AND STATED THAT AS LONG AS FORREST IS IN HOUSING UNIT 2/A HE WILL NOT SEE THE LIGHT OF DAY, ONLY THROUGH HIS CELL WINDOW.

**DENIAL OF ADEQUATE MEDICAL CARE:**

11. THE PLAINTIFF IS CLASSIFIED AS A COURT ORDER LOCKDOWN INMATE DUE TO ASPECTS IN REGARDS TO HIS CRIMINAL CASE AND NOT ANY PARTICULAR MISBEHAVIOR REPORT. WHILE IN CUSTODY OF DOC AND HOUSED PURSUANT TO (CLO) COMMAND LEVEL ORDER 370.20 THIS POLICY STRIPPED THE PLAINTIFF X OF ALL HIS DIGNITY AND HIS CONSTITUTIONAL RIGHTS.

12. SINCE ARRIVING AT GRVC THE PLAINTIFF HAS NOT BEEN ALLOWED TO PHYSICALLY GO TO THE FACILTY CLINIC AREA FOR SICK-CALL PURPOSES AND HAS BEEN DENIED TO BE PRODUCE TO MEDICAL APPOINTMENTS FOR REASON LISTED AS ( SHORT STAFF) PLAINTIFF HAS SUFFERED FOR MONTHS WITH A CRACK TOOTH AND WILL NOT BE BROUGHT TO A DENTIST FOR EXTRACTION OF BAD TOOTH. THE PLAINTIFF HAD TO PULL THE TOOTH OUT HIMSELF TO STOP THE PAIN IN HIS CELL.

13. THIS IS A MATTER THE DEFENDANT **CITY** HAS BEEN ADDRESSED BY BRONX COUNTY SUPREME COURT JUDGE **ELIZABETH S. TAYLOR** IN XX AUGUST/2022 WHERE SHE FORCE THE CITXX TO PAX INMATES 100$ FOR EVERY MISSED MEDICAL APPOINTMENTS.AND THEY CONTINUE YOU TO FAIL PLAINTIFF VERSUS TO CORRECTING THE MATTER, THAT IS THE SAME MATTER THAT THE PLAINTIFF IS ADDRESSING HERE. AND IN THE PLAINTIFF CASE HE IS BEING PRODUCE TO MEDICAL PURSUANT TO CLO 370.20 WHICH THIS CIRCUIT HAS ALREADY STATED THE SAME CLO 370.20 MANDATE WAS **OVERBROAD AND INCONSISTENT,** WHEN ITS USE IN A WAY NOT CONSISTENT WITH THE PLAINTIFF LOCKDOWN ORDER, SEE MATTERS OF **ALEXANDER WILLIAMS JR-V-CITY**

OF NEW YORK ET AL, 21-CV-1081 DOCUMENT NUMBER 101, PAGE 54 PARAGRAPH NO.2 OF REPORT & RECOMMENDATION OF AUGUST 5, 2022.

14. THE PLAINTIFF MEDICAL RECORDS THAT IS ATTACHED HEREIN WILL DISPLAY THAT THE DEFENDANTS **CITY** HAS ADAMANTLY STOOD BY NOT PRODUCING THE PLAINTIFF TO MEDICAL APPOINTMENTS LEAVING HIM UNABLE TO EVEN DETERMINE WHETHER OR NOT THE KNOWN **XXXXX** EXISTENCE MEDICAL ISSUES ARE GETTING WORSE OR NOT.

15. THE PLAINTIFF ASSERTS THAT THIS NON-PRODUCTION TO MEDICAL APPOINTMENTS AND SICK-CALL IS**X** BEING DONE TO RETAILIATION BECAUSE OF THE FACT THERE ARE OTHER COURT-ORDER INMATES IN HOUSING AREA WITH HIM WHO JAIL OFFICIALS PRODUCE TO THE CLINIC FOR MEDICAL PURPOSES TWICE DAILY BY THE NAME OF INMATE (KWAINE THOMPSON B&C # 349-19-01450 ) INMATE THOMPSON IS IN SAME HOUSING UNIT UNDER SAME RESTRICTIONS AND THEREFORE IS UNDER SAME COMMAND LEVEL ORDER AS PLAINTIFF. INMATE THOMPSON TOLD ME HE HAVE TO TAKE OFF HIS CLOTHES FOR THE STEADY OFFICERS TO GET OUT HIS CELL, AND IF I WANT TO GET OUT MY CELL I MUST SEXUALLY SATISFY THE OFFICERS BY ALLOWING THEM TO SEE MY BODY PARTS. WARDEN SHERMA DUNBAR AND WARDEN RENEE ASK ME TO DISROBE MY SELF SO THEY CAN SEE MY PENIS AND IF I DON'T DO WHAT THE SAY, I WON'T BE ALLOWED A QUR'AN IN MY CELL, BECAUSE (CLO) 370.20 STATES I CAN ONLY HAVE A BIBLE. I TOLD THEM THAT I'M MUSLIM AND THEY BOTH SAID WE DON'T CARE HOW YOU FEEL JUST HANG YOURSELF I CAN'T STAND MUSLIMS.

16. I TOLD WARDEN RENEE I WANT TO GET MOVE TO WEST FACILITY, I DON'T WANT TO BE IN THIS JAIL NOMORE, I'M A HEAT SENSITIVE INMATE AND I HAD NUMEROUS BLACK OUTS THROUGHOUT THE NUMEROUS HEAT WAVES FROM THE SUMMER OF 2022. I TOLD SHERMA DUNBAR THAT I CAN'T BREATH BECAUSE MY CELL IS SO HOT AND I'M IN THIS CELL 23/HOURS, SHE THEN SAYS I HOPE YOU TERROIST DIE. I ASK THEM TO BRING ME THE PHONE SO I CAN CALL MY LAWYER, AND FOR TWO YEARS THEY HAVE NOT BRUNG ME THE PHONE TO CALL MY LAWYER. I ASK WARDEN DUNBAR CAN I USE THE PHONE ? SHE SAID NEVER, I ASK WARDEN RENEE CAN I USE THE PHONE SHE /HE SAID NEVER

I ASK C.O MASON CAN I USE THE PHONE SHE TOLD ME NEVER. I TOLD C.O. MASON THAT IF I DON'T BE ALLOWED TO CALL MY LAWYER IT WILL HURT ME IN THE LONG RUN. SHE TOLD ME SHE DON'T CARE AND I BETTER SPEAK TO MY LAWYER IN COURT, BUT SHE WILL MAKE SURE I NEVER GET THE PHONE TO MY CELL, THEN SHE SAID BE LIKE THOMPSON AND TAKE YOUR SHIRT OFF AND I WILL **XXXX** LET YOU USE THE PHONE.

17. I TOLD C.O. RITTER THAT I NEED TO USE THE PHONE TO CALL MY LAWYER, C.O RITTER SAID THAT YOU WILL NOT CALL YOUR LAWYER ON ME LIKE 11 CELL ALEXANDER WILLIAMS JR DID. I TOLD C.O. RITTER THAT YOU NOT ALLOWING ME TO CALLMY LAWYER HURTS ME IN A BIG WAY WHEN IT COME TO ME PREPARING MY DEFENSE. HE SAID SO.

18. I TOLD C.O. LAW LIBRARY OFFICER LEICTH AND LAW LIBRARY OFFICER WALKER THAT CAN THEY ALLOW ME TO USE THE PHONE SO I CAN CALL MY LAWYER. THEY BOTH TOLD MEK NO, I TOLD THEM BOTH THAT IF YOU DON'T ALLOW ME TO USE THE PHONE TO CALL MY LAWYER IT WILL DAMAGE MY CASE, I REALLY NEED TO TALK TO MY LAWYER THEY BOTH SAID YOUR UNDER COMMAND LEVEL ORDER 370.20 AND YOU SHOULD BE FULLY PUNISH FOR BEING A TERROIST.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

19. PLAINTIFF REPEATS, REITERATES AND REALLEGES EACH AND EVERY ALLEGATION CONTAINED IN THE PRECEDING PARAGRAPHS OF THIS COMPLAINT WITH THE SAME FORCE AND EFFECT AS IF SAME WERE FULLY SET FORTH HERE IN.

20. THE OFFENSES ALLEGED HEREIN RESULTED, IN WHOLE OR IN PART, DUE TO THE FAILURE OF DEFENDANT **CITY** TO EMPLOY QUALIFIED PERSONS FOR POSITIONS OF AUTHORITY AND/OR TO PROPERLY OR CONSCIENTIOUSLY TRAIN AND SUPERVISE THE CONDUCT OF SUCH PERSONS DURING THIER EMPLOYMENT, AND/OR TO PROMULGATE APPROPRIATE OPERATING POLICIES AND PROCEDURES EITHER FORMALLY OR BY CUSTOM TO PROTECT THE RIGHTS OF THOSE PERSONS CONFINED TO THIER CUSTODY AND CONTROL, INCLUDING BUT NOT LIMITED TO THE PLAINTIFF.

20. DEFENDANT **CITY** WAS NEGLIGENT IN ITS HIRING, TRAINING, RETENTION, SUPERVISION, DIRECTION, CONTROL, APPOINTMENT AND/OR PROMOTION OF ITS EMPLOYEES, AGENTS AND/OR SERVANTS, INCLUDING BUT NOT LIMITED TO EACH OF THE DEFENDANTS NAMED HEREIN.

21. THE FAILURE OF DEFENDANT **CITY** TO ADEQUATELY TRAIN ITS EMPLOYEES, AGENTS, AND/OR SERVANTS, INCLUDING BUT NOT LIMITED TO EACH DEFENDANT NAMED HEREIN, IN THE EXERCISE OF THIER EMPLOYMENT FUNCTIONS, AND THIER FAILURE TO ENFORCE THE UNITED STATES CONSTITUTION, THE LAWS OF THE STATE OF NEW YORK, AND THE RULES AND REGULATIONS OF THE CITY OF NEW YORK, IS EVIDENCE OF THE RECKLESS LACK OF CAUTIOUS REGARD FOR THE RIGHTS OF THOSE PERSONS IN THIER CUSTODY, INCLUDING PLAINTIFF HEREIN, AND EXHIBITED A LACK OF THAT DEGREE OF DUE CARE WHICH PRUDENT AND REASONABLE INDIVIDUALS WOULD SHOW.

22.DEFENDANT **CITY** WAS CARELESS AND RECKLESS IN HIRING, APPOINTING, RETAINING, PROMOTING AND SUPERVISING THIER EMPLOYEES, AGENTS AND/OR SERVANTS, INCLUDING BUT NOT LIMITED TO EACH OF THE DEFENDANTS NAMED HEREIN, IN THAT SAID EMPLOYEES LACK THE EXPERIENCE, ABILITY, AND JUDGEMENT TO BE EMPLOYED BY THE **CITY** AND BESTOWED WITH THE AUTHORITY GIVEN TO THEM; IN FAILING TOR EXERCISE DUE CARE AND CAUTION IN THIER HIRING, APPOINTMENT AND PROMOTION PRACTICES, AND IN PARTICULAR, HIRING THE DEFENDANT-EMPLOYEES WHO LACKED THE MENTAL CAPACITY, JUDGEMENT, AND ABILITY TO FUNCTION AS EMPLOYEES OF SAID DEFENDANTS; IN THAT THE DEFENDANTS LACKED THE MATURITY, JUDGEMENT, SENSIBILITY AND INTELLIGENCE TO BE EMPLOYED BY DEFENDANT **CITY**; IN THAT DEFENDANT **CITY** KNEW OR SHOULD HAVE KNOWN OF THE LACK OF ABILITY, JUDGEMENT EXPERIENCE AND MATURITY OF DEFENDANTS -EMPLOYEES WHEN THEY HIRED THEM; IN THAT DEFENDANT **CITY**, ITS AGENTS,S SERVANTS AND/OR EMPLOYEES, FAILED TO SUSPEND AND/OR TERMINATE THE DEFENDANT-EMPLOYEES WHEN SUCH ACTION WAS REQUIRED AND NECESSARY; AND IN BEING CARELESS, NEGLIGENT AND RECKLESS IN THE INSTANCE.

23. DEFENDANT **CITY** KNEW OR SHOULD HAVE KNOWN IN THE EXERCISE OF REASONABLE CARE, THE PROPENSITIES OF EACH DEFENDANTS NAMED HEREIN TO ENGAGE IN THE WRONGFUL CONDUCT HERETOFORE ALLEGED IN THIS COMPLAINTXXX.

24. THE AFORESAID ACTS AND OMMISSIONS OF DEFENDANTS NAMED HEREIN, AND **CITY**, ITS, EMPLOYEES, AGENTS AND/OR SERVANTS, INCLUDING BUT NOT LIMITED TO EACH OF THE DEFENDANTS NAMED HEREIN, RESULTED IN THE PLAINTIFF BEING SEXUALLY ASSAULTED AND VICTIMIZED.AND SEXUALLY ABUSED.

25. DEFENDANT **CITY** KNEW OR SHOULD HAVE KNOWN THAT ITS POLICIES, CUSTOMS, AND PRACTICES, AS WELL AS ITS NEGLIGENT SUPERVISION, TRAINING, APPOINTMENT AND PROMOTION OF ITS EMPLOYEES, AGENTS AND/OR SERVANTS, INCLUDING BUT NOT LIMITED TO EACH OF THE DEFENDANTS NAMED HEREIN, CREATED AN ATMOSPHERE WHERE THE MOST PROMINENT OFFENDERS FELT ASSURED THAT THIER MOST BRAZEN ACTS OF MISCONDUCT AND NEGLECT WOULD NOT SWIFTLY AND EFFECTIVELY INVESTIGATED AND PROSECUTED.

26. THAT THE SEXUALK HARASSMENT, ASSAULTS, ABUSE, AND VICTIMIZATION OF THE PLAINTIFF, AS SET FORTH ABOVE, WERE THE REASONABLY FORESEEABLE CONSEQUENCE OF DEFENDANT **CITY** NEGLIGENT CONDUCT.

27. THE AFORESAID NEGLIGENCE OF DEFENDANT **CITY** IN ITS HIRING, SCREENING, RETENTION, SUPERVISION, TRAINING, APPOINTMENT AND PROMOTION PRACTICES RESULTED IN THE SEXUAL HARASSMENT, INTIMIDATION, ASSAULT AND VICTIMIZATION OF PLAINTIFF; PLAINTIFF'S ABUSES BY DOC STAFF ,BEING TRIVIALIZED, MINIMIZED AND/OR COVER UP; THE PLAINTIFF'S STATUTORY AND COMMON LAW RIGHTS BEING VIOLATED; AND THE PLAINTIFF TO SUFFER SEVERE AND PERMANENT PHYSICAL, PSYCHOLOGICAL AND EMOTIONAL INJURIES, PAIN AND SUFFERING.

## THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

28. PLAINTIFF REPEATS, REITERATES AND REALLEGES EACH AND EVERY ALLEGATION CONTAINED IN THE PRECEDING PARAGRAPHS OF THIS COMPLAINT WITH THE SAME FORCE AND EFFECT AS IF SAME WERE FULLY SET FORTH HEREIN.

29.AS SET FORTH ABOVE, DEFENDANTS WARDEN RENEE AND WARDEN SHERMA DUNBAR AND

C.O RITTER AND C.O MASON AFORESAID CONDUCT WAS INTENTIONAL, MALICIOUS AND EXCESSIVE, AND SERVED NO REASONABLE OR LEGITIMATE PENOLOGICAL INTEREST.

30. AS SET FORTH ABOVE, DEFENDANTS CAPTAIN CARTER, CO. WALKER, CO. LEICTH, DOCTOR NICHOLAS AFORESAID CONDUCT WAS INTENTIONAL, RECKLESS AND/OR GROSSLY NEGLIGENT, AND SERVED NO REASONABLE OR LEGITIMATE PENOLOGICAL INTEREST.

31. AS SET FORTH ABOVE, DEFENDANT **CITY** AFORESAID ACTS AND OMISSIONS WERE NEGLIGENT AND SERVED NO REASONABLE OR LEGITIMATE PENOLOGICAL INTEREST.

32. AS SET FORTH ABOVE, THE DEFENDANTS INTENTIONAL, RECKLESS AND/OR NEGLIGENT CONDUCT ALLEGED HEREIN WAS OF AN EGREGIOUS AND OUTRAGEOUS NATURE THAT EXCEEDS ALL BOUNDS USUALLY TOLERATED BY SOCIETY AND UNREASONABLY ENDANGERED PLAINTIFF'S PSYCHOLOGICAL AND EMOTIONAL WELL-BEING.

33. AS A RESULT OF THE FOREGOING, PLAINTIFF SUFFERED AND CONTINUE TO SUFFER SEVERE AND PERMANENT PSYCHOLOGICAL AND EMOTIONAL INJURIES.

34.

## FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE & 10-1105 " VICTIMS OF GENDER-MOTIVATED VIOLENCE PROTECTION LAW "

35. PLAINTIFF REPEATS, REITERATES AND REALLEGES EACH AND EVERY ALLEGATION CONTAINED IN THE PRECEDING PARAGRAPHS OF THIS COMPLAINT WITH THE SAME FORCE AND EFFECT AS IF SAME WERE FULLY SET FORTH HEREIN.

36. AS SET FORTH ABOVE, DEFENDANTS CO. WALKER,CO RITTER,CO. MASON.CO. LIECTH DOCTOR NICHOLAS,WARDEN RENEE, WARDEN SHERMA DUNBAR ACTIONS AGAINST PLAINTIFF CONSTITUTED FELONIES UNDER NEW YORK STATE LAW AND PRESENTED A SERIOUS RISK OF PHYSICAL AND EMOTIONAL INJURY TO PLAINTIFF, AND WERE CRIMES OF VIOLENCE MOTIVATED BY GENDER, COMMITTED BECAUSE OF GENDER OR ON THE BASIS OF GENDER AND DUE, AT LEAST IN PART, TO ANIMUS BASED ON PLAINTIFF'S GENDER.

37. AS SET FORTH ABOVE, DEFENDANTS CO MASON CO WALKER CO RITTER CO LIECTH DOCTOR NICHOLAS, WARDEN RENEE, WARDEN SHERMA DUNBAR CONDUCT COMPLAINED OF HEREIN VIOLATED THE VICTIMS OF GENDER-MOTIVATED VIOLENCE PROTECTION LAW, NEW YORK CITY ADMINISTRATIVE CODE & 10-1101 ET SEQ; AND AS SUCH, ARE

DEFENDANTS ARE EACH LIABLE TO PLAINTIFF FOR COMPENSATORY AND PUNITIVE DAMAGES, AND SUCH OTHER RELIEF AS THIS COURT MAY DEEM APPROPRIATE. AS A DIRECT AND PROXIMATE RESULT OF DEFENDANTS,CO WALKER,CO RITTER,CO LEICTH,CO MASON, CAPTAINCARTER, WARDEN RENEE, WARDEN SHERMA DUNBAR, DOCTOR NICHOLAS VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE & 10-1101 ET SEQ; KNOWN AS THE X "VICTIMS OF GENDER-MOTIVATED VIOLENCE PROTECTION ACT " PLAINTIFF SUSTAINED IN THE PAST, AND WILL CONTINUE TO SUSTAIN IN THE FUTURE,PHYSICAL INJURY, PAIN AND SUFFERING, SERIOUS AND SEVERE PSYCHOLOGICAL AND EMOTIONAL DISTRESS,MENTAL ANGUISH,EMBARRASSMENT, AND HUNILIATION.

JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES IN THIS MATTER.

RELIEF

PLAINTIFF RESPECTFULLY REQUESTS THE FOLLOWING RELIEF JOINTLY AND SEVERALLY, AS AGAINST EACH OF THE DEFENDANTS:

1. AN AWARD OF COMPENSATORY DAMAGES AGAINST ALL DEFENDANTS IN AN AMOUNT TO BE DETERMINED AT TRIAL;

2. AN AWARD OF PUNITIVE DAMAGES AGAINST DEFENDANTS CO MASON,COWALKER CO RITTER, CAPTAIN CARTER,CO LIECTH, WARDEN RENEE DOCTOR NICHOLAS, WARDEN SHERMA DUNBAR IN AN AMOUNT TO BE DETERMINED AT TRIAL;

3. SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND PROPER.

XXXXXXXXX FIFTH CLAIM FOR RELIEF

CLAIMS AGAINST DEFENDANT C.O. MASON

PURSUANT TO 42 U.S.C. & 1983

36. PLAINTIFF REPEATS, REITERATES, AND REALLEGES EACH AND EVERY ALLEGATION CONTAINED IN THE PRECEDING PARAGRAPHS OF THIS COMPLAINT WITH THE SAME FORCE AND EFFECT AS IF SAME WERE FULLY SET FORTH HEREIN.

37. AT ALL TIMES RELEVANT, DEFENDANT C.O. MASON WAS AN EMPLOYEE OF DEFENDANT CITYX.

38. AT ALL RELEVANT TIMES, DEFENDANT C.O. MASON WAS ACTING UNDER COLOR OF STATE LAW.

39. AS SET FORTH ABOVE, DEFENDANT C.O. MASON DIDX FORCIBLY SEXUALLY HARASS AND ABUSE AND VICTIMIZED THE PLAINTIFF.

40. AS SET FORTH ABOIVE, PLAINTIFF DID NOT CONSENT TO ENGAGE INXX ANY SEXUAL COMMUNICATION WITH C.O. MASON

41. AS SET FORTH ABOVE, DEFENDANT C.O. MASON DID NOT GIVE PLAINTIFF PHONE TO CALL HIS ATTORNEY, AND DID ASK PLAINTIFF TO GET NAKED IF HE WANTED THE PHONE.

AS SET FORTH ABOVE,DEFENDANT C.O. MASON DID RETAILIATE AGAINST PLAINTIFF AND REFUSE TO GIVE HIM THE PHONE TO MAKE NECESSARY CALLS TO HIS LAWYER.

42. AS A RESULT OF THE FOREGOING, PLAINTIFF SUFFERED AND CONTINUES TO SUFFER SEVERE AND PERMANENT PHYSICAL, PSYCHOLOGICAL AND EMOTIONAL INJURIES, PAIN AND SUFFERIN

43. AS SET FORTH ABOVE, DEFENDANT C.O. MASON DID VIOEATE PLAINTIFF'S CONSTITUTIUONAL RIGHTS AND WAS DELIBERATERLY INDIFFRENT TO AND/OR CONSCIOUSLY DISREGARDED AN EXCESSIVE RISK TO PLAINTIFF'S HEALTH AND SAFETY.

6TH CLAIM FOR RELIEF: CLAIMS AGAINST
DEFENDANT C.O. LIECTH PURSUANT TO 42 U.SC& 1983

44. PLAINTIFF REPEATS, REITERATES AND REALLEGES EACH AND EVERY ALLEGATIONS CONTAINED IN THE PRECEDING PARAGRAPHS OF THIS COMPLAINT WITH THE SAME FORCE AND EFFECT AS IF SAME WERE FULLY SET FORTH HEREIN.

45 AS SET FORTH ABOVE, DEFENDANT C.O.LIECTH SAID TO ME AND DID TELL ME I WONT BE ABLE TO USE THE PHONE EVER, AND SHE WILL NOT PASS ME THE PHONE BECAUSE I'M A KNOWN TERROIST, AND I SHALL BE FULLY PUNISH ACCORDING TO COMMAND LEVEL ORDER 370.20.

46. AS SET FORTH ABOVE, DEFENDANT C.O.LIECTH DID RETAILIATED AGAINST PLAINTIFF AND REFUSE TO BRING HIM TO RECREATION TO GET HIS ONE HOUR BXXK DAILY EXERCISE, SHE WAS SUCESSFUL IN GETTING OTHER OFFICERS TO MAKE SURE PLAINTIFF DID NOT GO TO THE YARD FOR 2 YEARS STRAIGHT.

47. AS A RESULT OF THE FOREGOING, PLAINTIFF SUFFERED AND CONTINUES TO SUFFER SEVERE AND PERMANENT PHYSICAL, PSYCHOLOGICAL AND EMOTIONAL INJURIES, PAIN AND SUFFERING.

48. AS SET FORTH ABOVE, DEFENDANT C.O. LIECTH DID VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHT TO FREE EXERCISE AND ACCESS TO LAWYERS AND WAS DELIBERATELY INDIFFRENT TO AND/OR CONSCIOUSLY DISREGARDED AN EXCESSIVE RISK TO THE PLAINTIFF'S HEALTH AND SAFETY.

49. WITH THE ENACTMENT OF THE PRISON RAPE ELIMINATION ACT OF 2003, THE NATIONAL PRISON RAPE ELIMINATION COMMISSION WAS CREWATED AND CHARGED WITH DRAFTING STANDARDS FOR ELIMINATING PRISON RAPE. THOSE STANDARDS WERE PUBLISHED IN JUNE 2009 AND GIVEN TO THE U.S DEPARTMENT OF JUSTICE FOR REVIEW AND PASSAGE AS A FINAL RULE. THE DEPARTMENT OF JUSTICE PUBLISHED THE FINAL PREA STANDARDS IN THE FEDERAL REGISTER ON JUNE 20, 2012 AND THEY BECAME EFFECTIVE AUGUST 20, 2012. UPON INFORMATION AND BELIEF GRVC WERE NOT FULLY COMPLIANT WITH THE PREA STANDARDS DURING RELEVANT TIMES PERIODS ALLEDGE HEREIN.

50. DUE TO THE DEFENDANT CITY'S LONG-STANDING FAILURE TO IMPLEMENT MANDATED PREA REFORMS AND STANDARDS, INCLUDING BUT NOT LIMITED TO THE POLICIES, TRAINING, INVESTIGATIONS REPORTING AND LEADERSHIP FROM THE TOP DOWN, DEFENDANT CITY AND ITS SUPERVISORY PERSONNEL WERE DELIBERATELY INDIFFRENT TO THE SEXWAUAL SAFETY AND THREATS FACED BY THIER INMATE POPULATION IN GENERAL AND PLAINTIFF IN PARTICULAR AND WERE THE MOVING FORCE BEHIND SEXUAL ASSAULTS SUFFERED BY THE PLAINTIFF.

TRevor forrest
349-200-2023
G.R.V.C
09-09 Hazen st
E.Elm hurst, NY, 11370





2022 SEP 13 AM 10: 19

chief court clerk pro-se unit

United States Southern District
courthouse
500 Pearl street
New York NY, 10007

USMP3 SDNY