

**THE CITY OF NEW YORK**

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | DAVID S. THAYER<br>*Assistant Corporation Counsel*<br>t : (212) 356-2649<br>f: (212) 356-1148<br>e: dthayer@law.nyc.gov |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/20/2023
```

January 19, 2022

*Via ECF*

The Honorable Barbara C. Moses
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

Re: <u>Forrest v. Dep't of Corr., *et al.*</u>, No. 21 CV 10152 (LJL)(BCM)

Dear Magistrate Judge Moses:

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, the Honorable Sylvia O. Hinds-Radix, attorney for the Defendants in the above-referenced action. I write to respectfully request a *nunc pro tunc* extension, to January 27, 2023, of the Defendants' time to provide the Court with the lockdown order described in the Complaint, (*see* Compl., at p. 4 (describing "court order[ed] lockdown status"), ECF No. 2) or to file a status report, as described further below.

On January 11, 2023, the Court directed that the aforementioned lockdown order be filed no later than February 18, 2023. (ECF No. 49.) Subsequently, on January 12, 2023, the Court corrected its order and directed that this order be provided to the Court no later than January 18, 2023. (ECF No. 50.)

Upon receiving the latter directive from the Court, I asked a liaison at the New York City Department of Correction ("DOC") to provide me with the relevant lockdown order. I did not immediately hear back from my liaison and today followed up with both my liaison and a supervisor as to the provision of the lockdown order.

I have now learned that the lockdown order, by its express terms, was sealed by the Supreme Court of the State of New York, County of New York, and provides that copies may only be provided to specific persons/entities. In light of this information and mindful of this

Court's indication that leave may be sought to file the lockdown order under seal, I respectfully request an extension of Defendants' time to provide this lockdown order to the Court. Additional time will permit Defendants and the undersigned to investigate whether the lockdown order may be directly provided to this Court (under seal) without violating the sealing order of the New York County Supreme Court, and if it indeed may be provided to this Court without such a violation, whether additional steps, *e.g.*, an application to the New York County Supreme Court, must first be performed. By January 27, 2023, I thus respectfully propose that a status letter be filed providing further insight into this investigation or, if it is determined that no impediments exist, that the lockdown order be provided.

I apologize to the Court for this *nunc pro tunc* application, which is a result of my inadvertence in not following up with colleagues at DOC earlier this week. This is Defendants' first extension of their time to comply with the Court's January 12, 2023 Order. Due to Plaintiff's *pro se* and incarcerated status, I have not been able to seek his consent in advance of this application.

I thank the Court for its consideration of this application.

Sincerely yours,

/s/ David S. Thayer

David S. Thayer

---

Application GRANTED IN PART. Defendants may have until **January 27, 2023** to submit the lockdown order (with or without a sealing request) or explain why it cannot be provided. The Court notes that lockdown orders have been provided to this Court without any apparent difficulty in similar cases. *See, e.g.*, Case Nos. 21-CV-519 (Dkt. 32-2); 21-CV-1083 (Dkt. 36-7 at ECF p. 10-11); 21-CV-1680 (Dkt. 36-2).  SO ORDERED.

Barbara Moses
United States Magistrate Judge
January 20, 2023