UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR FORREST,<br><br>                              Plaintiff,<br><br>     -against-<br><br>CITY OF NEW YORK, WARDEN RENEE, and CAPTAIN CARTER,<br><br>                              Defendants. | 21-cv-10152 (AS) (BCM)<br><br>MEMORANDUM OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Plaintiff Trevor Forrest, proceeding *pro se*, was a pretrial detainee at George R. Vierno Correctional Center (GRVC) at Rikers Island when he commenced this action against Defendants the City of New York, Warden Renee, and Captain Carter (collectively, Defendants). *See* Dkt 2.[1] Forrest alleges that while incarcerated at GRVC he was unable to access religious services or visit the prison facility's medical clinic. Defendants moved to dismiss Forrest's claims. Dkt. 34. Magistrate Judge Moses recommended dismissal of all of Forrest's claims, except those seeking prospective injunctive relief to receive visits from the imam at his cell for religious instruction, counseling, and prayer. Dkt. 56. Neither party objected to the Report and Recommendation and the Court, prior to reassignment to me, adopted it in its entirety. Dkt. 60.

Soon after, Defendants notified the Court that Forrest had been transferred from GRVC to the Attica Correctional Facility. Dkt. 68. The Court therefore granted leave for Defendants to file a motion to dismiss for lack of subject matter jurisdiction. Dkt. 71. That motion is now before the Court. Dkt. 75.

## LEGAL STANDARD

Article III of the Constitution provides that the "judicial power shall extend to all Cases" and "Controversies." U.S. Const. art. III, § 2. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 67 (2d Cir. 2023) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

---

[1] Forrest's complaint also brought claims against the New York City Department of Correction. The Court dismissed those claims because an agency of the City of New York is not an entity that can be sued. *See* Dkt 14 at 2.

"[W]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (citation omitted).

## DISCUSSION

Forrest's only remaining claim is for injunctive relief concerning his access to an imam for religious instruction, counseling, and prayer at GRVC. "It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996); *accord Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006). Forrest's remaining claim for injunctive relief is therefore dismissed as moot because Forrest is no longer incarcerated at GRVC.

In opposition to Defendants' motion, Forrest argues that "for 3 years" he was "denied access to the Mosque at Rikers to perform Jumura on Fridays" and is therefore "asking 3 million dollars in damages." Dkt 83 at 1–2. However, all claims for damages in this case were dismissed by the Court prior to reassignment. As Magistrate Judge Moses explained, Forrest's "damages claims under § 1983 are barred by the Prison Litigation Reform Act . . . because he alleges only emotional injury, while damages are unavailable altogether under [the Religious Land Use and Institutionalized Persons Act]." Dkt 56 at 2. No grounds are provided or evident as to why that prior determination should be revisited. Nor does Forrest provide any reason why his remaining claim for injunctive relief should not be dismissed. To the contrary, he makes clear that he is able to access religious services at his current facility, stating that "at Attica the administration didn't deny me Jumura." Dkt 83 at 2.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is GRANTED. The Clerk of Court is directed to terminate ECF No. 75 and close the case.

SO ORDERED.

Dated: October 5, 2023
New York, New York

ARUN SUBRAMANIAN
United States District Judge